# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY R. EFTHEMES** | **CIVIL ACTION NO.: 2:19-cv-01409** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE COMPANY, APEX TRANSIT, LLC and MALIK ALEEM** | **MAG. JUDGE KATHLEEN KAY** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS OF MONIKA EFTHEMES

NOW INTO COURT, through undersigned counsel, come Defendants, Apex Transit, LLC, Malik Aleem, and Amguard Insurance Company, (hereinafter sometimes collectively referred to as "Defendants"), who aver as follows.

### I. BACKGROUND

Plaintiff Anthony Efthemes filed his Petition for Damages on May 14, 2019, in the 14th Judicial District Court for the Parish of Calcasieu, seeking personal injury damages in relation to an incident that is alleged to have occurred near milepost 10 on I-10 in Calcasieu Parish, Louisiana, on May 19, 2018.[1] Specifically, the plaintiff alleged various injuries arose when he was acting as a Louisiana State Trooper who had responded to an emergency pursuit to apprehend a fleeing suspect, who is not a named defendant in this action.[2] Anthony Efthemes alleged that he was directed to deploy "stop sticks" to deflate the tires of the suspect's vehicle, but that Malik Aleem, who was operating an 18 wheeler in the same

---

[1] Exhibit 1, Plaintiff's Petition for Damages.
[2] *Id.* at ¶¶ 7-14.

area as the suspect, also ran over the deflation device.[3] Though Malik Aleem was merely an innocent bystander, he and his employer, Apex Transit, were named as defendants in this matter. In the Petition, plaintiff claimed damages that included a laceration to his middle finger, pain, and mental anguish, as well as medical expenses.[4]

Then, on January 31, 2020, Plaintiff Anthony Efthemes sought leave of court to file the First Supplemental and Amended Complaint.[5] The Amended Petition sought damages for plaintiff's wife, Monika Efthemes, who claims past and future loss of consortium and similar damages, as a result of the subject incident.[6] Plaintiff's Petition for Damages made no mention of Monika Efthemes or that plaintiff had a spouse, nor gave any indication that other claimants or damages existed that were not referenced in the Petition.[7]

However, as the following will establish, more than one year lapsed between the alleged tort and the filing for the Amended Petition, which exceeds the prescriptive period for filing a tort action in Louisiana. Therefore, plaintiff Monika Efthemes' claims must be dismissed, with prejudice.

## II. ARGUMENT

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time.[8] Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.[9] The prescriptive period for a

---

[3] *Id.*
[4] *Id.* at ℙ 16.
[5] Exhibit 2, Motion for Leave to Amend to File First Supplemental and Amended Complaint.
[6] Exhibit 3, First Supplemental and Amended Complaint.
[7] Exhibit 1, Plaintiff's Petition for Damages.
[8] La. Civ. Code art. 3447.
[9] La. Civ. Code art. 3454.

delictual action is one year, and prescription commences to run the day that the injury or

damage is sustained.[10]

The party asserting prescription usually bears the burden of proving that a claim

has prescribed; if prescription is evident on the face of the pleadings, however, the burden

shifts to the plaintiff to establish that the applicable prescriptive period has been

suspended or interrupted.[11]

A plaintiff's new claims are prescribed on the face of the Complaint, unless the

amended complaint relates back to the date of the originally filed Petition. Relation back

of a pleading is governed by F.R.C.P. Rule 15(c)(1), which states:

> An amendment to a pleading relates back to the date of the original
> pleading when:
> (A) the law that provides the applicable statute of limitations
> allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out--or attempted to be set
> out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party
> against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
> and if, within the period provided by Rule 4(m) for serving the
> summons and complaint, the party to be brought in by
> amendment:
> > (i) received such notice of the action that it will not be
> > prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would
> > have been brought against it, but for a mistake concerning
> > the proper party's identity.[12]

In this case, Plaintiff's Petition for Damages was fax filed on May 14, 2019.[13] The

Petition for Damages alleged that the incident causing the alleged injuries and damages

---

[10] La. Civ. Code art. 3492.
[11] *Potier v. JBS Liberty Sec., Inc.*, No. 6:13-CV-00789, 2014 WL 5449726, at *3 (W.D. La. Oct. 24, 2014)
(internal citations omitted).
[12] Fed. R. Civ. P. 15(c)(1).
[13] Exhibit 1, Plaintiff's Petition for Damages.

occurred on May 19, 2018.[14] Then, on January 31, 2020, which is more than 18 months

after the incident sued upon, the Plaintiff filed a Motion for Leave to Amend to File First

Supplemental and Amended Complaint, which added new claims and a new claimant,

plaintiff's wife, Monika Efthemes.[15] Though Plaintiff's Petition for Damages makes

various allegations of injuries and damages, arising out of the police chase of a third party

not named as a defendant herein, no reference was made in the original Petition to

Monika Efthemes specifically nor any other claimants generally to be added as a

defendant to this matter.[16]

Because the Amended Complaint was filed more than a year after the subject

incident, the claims of Monika Efthemes have prescribed under Louisiana law and cannot

be brought. The issue, then, is whether the claims relate back to the original Petition.

Monika Efthemes' consortium claims presumably arise out of the same incident

sued upon, and therefore likely constitute a claim arising out of the conduct, transaction,

or occurrence. However, the standard for determining whether amendments relate back

under Rule 15(c) is not simply an identity of transaction test, because courts also inquire

into whether the opposing party has been put on notice regarding the claim or defense

raised in the amended pleading.[17] Therefore, assuming the Complaint meets the

transactional test in Rule 15, the Court must nevertheless determine, first, whether

---

[14] *Id.*

[15] Exhibit 2, Motion for Leave to Amend to File First Supplemental and Amended Complaint and Exhibit 3, First Supplemental and Amended Complaint.

[16] *Id.*

[17] *Robinson v. Lipps*, No. 6:18-CV-01062, 2019 WL 3574708, at *5 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019), citing 6A Charles A. Wright, et al., Federal Practice and Procedure § 1496 (1990).

Louisiana law would allow the Amended Complaint to relate back under Rule 15(c)(1)(A), and, second, whether Rule 15(c)(1)(C) applies to allow relation back.[18]

**A. Louisiana law would not allow the Amended Complaint to relate back for a wholly new plaintiff with new claims.**

In *Giroir v. South Louisiana Medical Center*,[19] the Louisiana Supreme Court considered whether children could be added as new plaintiffs in wrongful death and survival actions after prescription had run. Following an analysis similar to precedent set in *Ray v. Alexandria Mall*,[20] the Court concluded that "the same criteria established by *Ray v. Alexandria Mall* should be applied to determine whether an amended petition adding a plaintiff relates back."[21] Thus, the court held that an amendment which adds or substitutes a plaintiff should be allowed to relate back if:

 (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
 (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
 (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
 (4) the defendant will not be prejudiced in preparing and conducting his defense.[22]

The jurisprudence following *Giroir* has been explicit in requiring that all four factors be met.  In *Morton v. Ray*,[23] the Fourth Circuit found that the claims of plaintiff's children for loss of consortium filed 18 months after the accident had prescribed and granted defendants' Exception of Prescription. In *Morton*, plaintiff was injured while

---

[18] *Robinson v. Lipps*, No. 6:18-CV-01062, 2019 WL 3574708, at *5 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019).
[19] *Giroir v. South Louisiana Medical Center,* 475 So.2d 1040, 1044 (La.1985).
[20] *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983).
[21] *Giroir*, 475 So.2d at 1044.
[22] *Id.*
[23] *Morton v. Ray ,* 611 So.2d 841 (La. App. 4th Cir. 1992).

working as a security guard.[24] Plaintiff filed suit and within the prescriptive period and

amended his petition to add a loss of consortium claim for his wife.[25] Six months after the

prescriptive period, plaintiff filed a second supplemental petition adding his children's

loss of consortium claim.[26] The Court applied the *Giroir* factors and found that while the

children's claims might have arisen out of the same incident as their father's claim, it was

a separate cause of action.[27] They also found that while the defendants had knowledge

that Morton had children, nothing in the petition or the wife's supplemental petition put

them on notice that the Morton children might have a claim and to allow them to recover

damages would prejudice the defendants.[28] The Court held that plaintiffs failed to satisfy

prongs two and four of the *Giroir* test.[29]

In *Mason v. Luther*,[30] the plaintiff was injured in an automobile accident and filed

suit against the DOTD.[31] Long after the accident, the plaintiff filed a supplemental

petition to add her children's loss of consortium claim.[32] Relying on various cases

including *Morton*, Louisiana's Third Circuit ruled that claims did not relate back to the

date of the petition and were prescribed.[33]

Just as in *Morton v. Ray*, the claims brought in the First Supplemental and

Amended Complaint added new claims and a new claimant, plaintiff's wife, Monika

Efthemes. Moreover, the defendant did not know of the existence or involvement of the

Monika Efthemes, nor that she intended to seek recovery for damages. The original

---

[24] *Id.* at 842.
[25] *Id.* at 847.
[26] *Id.*
[27] *Id.* at 848.
[28] *Id.*
[29] *Id.*
[30] *Mason v. Luther*, 2005-25 (La. App. 3 Cir. 6/1/05), 903 So. 2d 1145.
[31] 903 So.2d at 1147.
[32] *Id.*
[33] 903 So.2d at 1150.

Petition for Damages made no reference to the plaintiff's wife or to that cause of action. The consortium claims of Monika Efthemes have prescribed and do not relate back to the original Petition. For the same reasons cited in *Morton*, the claims of Monika Efthemes must be dismissed.

**B. Rule 15(c)(1)(C) would not allow relation back to the original complaint.**

Plaintiff Monika Efthemes' newly asserted claims cannot survive under the requirements of Rule 15(c)(1)(C). Relation back in this context applies if all four of the following factors are met:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading;
> (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
> (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and
> (4) the added party had notice within now 90 days following the filing of the complaint, or longer if good cause is shown.[34]

Rule 15, as amended, "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification."[35] The necessary elements for relation back under Rule 15(c)(1) are "notice" and "mistake."[36]

---

[34] *Robinson v. Lipps,* No. 6:18-CV-01062, 2019 WL 3574708, at *6–7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019), citing Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998), citing *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992), and noting the effect of the 1991 amendment to Rule 15(c) in response to the factors enumerated by *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

[35] *Robinson v. Lipps,* No. 6:18-CV-01062, 2019 WL 3574708, at *7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019), citing Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998), citing *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992), and noting the effect of the 1991 amendment to Rule 15(c) in response to the factors enumerated by *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986), and quoting *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 469 (2d Cir. 1995), modified by 74 F.3d 1366 (2d Cir. 1996).

[36] *Id.*

The Western District has held that:

> …Rule 15(c) will not allow a plaintiff to amend his or her complaint to add another prospective plaintiff, whose claim arises out of the same transaction or occurrence of the original pleading and whose claim would otherwise be time-barred, merely because the defendant had prior notice of the additional plaintiff's existence. Rather, **the additional plaintiff must have in some manner already been involved in the action**, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment.[37]

Of course, in this case, the defendants had no notice of Monika Efthemes' existence whatsoever. The original Petition made no mention of Ms. Efthemes by name, nor referenced that Mr. Efthemes had a spouse, nor that she had suffered any injury.[38] Defendants did not receive notice of Monika Efthemes' claim until the Motion for Leave to Amend to File First Supplemental and Amended Complaint was filed – long after the prescriptive period for a tort action in Louisiana had run.[39] Here, Ms. Efthemes was not involved in the action, and the defendants were not on notice. Further, no reference is made to any party that could amount to "mistake" by Mr. Efthemes, whose original pleading only alleged a single cause of action based on damages to a single plaintiff: Mr. Efthemes himself.

In *Robinson v. Lipps*,[40] the Western District found that newly named defendants could not be added where timely notice was not provided. As the court explained, Rule 15 is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or

---

[37] *Pappion v. Dow Chem. Co*., 627 F. Supp. 1576, 1581 (W.D. La. 1986).
[38] Exhibit 1, Plaintiff's Petition for Damages.
[39] Exhibit 2, Motion for Leave to Amend to File First Supplemental and Amended Complaint and Exhibit 3, First Supplemental and Amended Complaint.
[40] *Robinson v. Lipps,* No. 6:18-CV-01062, 2019 WL 3574708, at *6–7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019).

misidentification.[41] The court explained that "notice" and "mistake" were the necessary elements for relation back under Rule 15(c)(1).[42] In *Robinson*, the court found that the original Complaint did not set forth any factual allegations against the newly added parties to suggest that they were in any way involved in the incident, so those parties had no reason to know, on the face of the Complaint, that they would be named individual defendants in the suit.[43] Therefore, under the Rule 15(c)(1)(C) analysis, the Amended Complaint did not relate back.[44]

The same applies here, where the defendants had no reason to know that Monika Efthemes would be bringing a claim. Other rulings by the Western District and other jurisdictions arrive at the same conclusion in comparable situations. For example, in *Pappion v. Dow Chemical Co.*,[45] the Western District refused to allow the time-barred claim of a new plaintiff to relate back, explaining that in order to relate back, the additional plaintiff must already have been involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment. See also *Sunnyside Timber LLC v. Barnes*[46] and *LeMasters v. K–Mart, Inc.*[47]

---

[41] *Robinson v. Lipps*, No. 6:18-CV-01062, 2019 WL 3574708, at *7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019), citing Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998), quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir. 1995), modified by 74 F.3d 1366 (2d Cir. 1996).
[42] *Id.*
[43] *Robinson v. Lipps*, No. 6:18-CV-01062, 2019 WL 3574708, at *7 (W.D. La. July 17, 2019), report and recommendation adopted, No. 6:18-CV-01062, 2019 WL 3588186 (W.D. La. Aug. 5, 2019).
[44] *Id.*
[45] 627 F.Supp. 1576 (W.D. La. 1986).
[46] No. CIV.A. 09-01458, 2014 WL 250112, at *6 (W.D. La. Jan. 22, 2014).
[47] 712 F.Supp. 518, 520–21 (E.D.La.1989).

Because the Amended Complaint is time barred and does not relate back under Rule 15 of the Federal Rules of Civil Procedure, the First Supplemental and Amended Complaint of Monika Efthemes should be dismissed, with prejudice.

## III.    CONCLUSION

As the foregoing establishes, the Louisiana jurisprudence makes it clear that any claim brought on behalf of Monika Efthemes is prescribed on its face as it was brought more than one year from the accident at issue. Additionally, for the reasons set forth above, and in accordance with the *Giroir* opinion, the claims of Monika Efthemes do not relate back to the date of the filing of the original petition under Louisiana law. Furthermore, because the Amended Complaint does not relate back under Rule 15 of the Federal Rules of Civil Procedure, the claims Monika Efthemes should be dismissed. Accordingly, for the reasons set forth above, defendants pray that their Motion to Dismiss be granted and the First Supplemental and Amended Complaint of Monika Efthemes should be dismissed, with prejudice

**WHEREFORE,** Defendants, Apex Transit, LLC, Malik Aleem, and Amguard Insurance Company, pray that this Motion be granted, dismissing Monika Efthemes' claims with prejudice, and at plaintiff's costs, and for such further relief which in equity and at law Defendant may be entitled.

## CERTIFICATE OF SERVICE

        I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, electronic mail and/or by facsimile transmission, this **22nd** day of **June, 2020**, at their last known address of record.


*/s/ James H. Johnson*
_____
**JAMES H. JOHNSON**

Respectfully Submitted,

**PERRIER & LACOSTE, LLC**

*/s/ James H. Johnson*
_____
**CURT L. ROME, #29406**
**Email: crome@perrierlacoste.com**
**JAMES H. JOHNSON, #35848**
**Email:  jjohnson @perrierlacoste.com**
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel: (504) 212-8820
Fax: (504) 212-8825
**ATTORNEYS FOR DEFENDANTS,**
*Apex Transit, LLC, Malik Aleem, and*
*Amguard Insurance Company*