UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY R. EFTHEMES ET AL.** | **CASE NO.  2:19-CV-01409** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO. ET AL.** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 13] filed by defendants under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the claims of plaintiff Monika Efthemes on the basis of prescription. Plaintiffs oppose the motion. Doc. 15.

I.
BACKGROUND

This action arises from an accident that occurred on May 19, 2018. Plaintiff Anthony Efthemes, a Louisiana State Trooper, alleges that he was instructed to deploy "stop sticks" on the highway on that date to deflate the tires of a vehicle that was fleeing the police. Doc. 1, att. 12. He further alleges that Malik Aleem, who was driving an 18-wheeler near the vehicle being pursued by law enforcement, failed to observe the emergency lights and sirens activated nearby or to slow his truck or yield to law enforcement vehicles. *Id.* Instead Mr. Aleem drove over the stop sticks, which caused Mr. Eftheme's hand to become entangled in the cord and resulted in serious injury to him. *Id.*

Mr. Efthemes filed suit against Mr. Aleem; Mr. Aleem's employer, Apex Transit, LLC; and their insurer, Amguard Insurance Company; in the Fourteenth Judicial District

Court, Calcasieu Parish, Louisiana, on May 14, 2019. *Id.* In his original petition he raised negligence claims against all defendants and sought to recover for pain, mental anguish, and medical expenses. The defendants then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Mr. Efthemes moved for leave to amend his petition on January 31, 2020, and was granted same on February 11. Docs. 7, 9. In the amended petition he also named his wife, Monika Efthemes, as a plaintiff and added loss of consortium claims on her behalf. Doc. 9.

Defendants now move to dismiss Monika Efthemes's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they are time-barred under Louisiana law. Doc. 13. Plaintiffs oppose the motion and maintain that the new claims should relate back to the date the original petition was filed under Federal Rule of Civil Procedure 15(c). Doc. 15.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough

facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### *B. Application*

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). This means that the court must apply the state statute of limitations and related rules to state law claims. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). In Louisiana, delictual actions are subject to a one-year prescriptive period. La. Civ. Code art. 3492. Prescription runs from the date the injury is sustained. *Id.* The party asserting prescription usually bears the initial burden. If prescription is evident from the face of the pleadings, however, the burden shifts to the plaintiff to show that the prescriptive period has been suspended or interrupted. *E.g.*, *Potier v. JBS Liberty Securities, Inc.*, 2014 WL 5449726, at *3 (W.D. La. Oct. 24, 2014) (collecting cases).

The principal method of interrupting prescription is by filing suit. *Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (citing La. Civ. Code art. 3462). This was done as to Mr. Efthemes's claims with the filing of the original petition on May 14, 2019. Mrs. Efthemes, however, was not named as plaintiff until the proposed amended complaint filed

in this court on January 30, 2020. "The law is well-settled that a loss of consortium claim is a separate cause of action from the injured party's delictual claim notwithstanding that the claims arise out of the same incident." *Zurich Am. Ins. Co. v. Queens Mach. Co., Ltd.*, 2005 WL 6074914, at *1 (E.D. La. Nov. 21, 2005) (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991)). Therefore Mr. Efthemes's original petition did not interrupt prescription with respect to Mrs. Efthemes's claims, which are now prescribed on the face of the matter. They are subject to dismissal unless plaintiffs can show that the amended complaint relates back to the date of the original petition.

In a diversity action, the Federal Rules of Civil Procedure govern relation back of amending complaints. *Hensgens*, 869 F.2d at 880. Under these rules, an amended pleading relates back to the date of the original when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>  (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>  (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The rule does not specifically address relation back of amendments that propose to add or substitute plaintiffs. An advisory committee note, however, provides that "the

4

attitude taken [in the rule] toward change of defendants extends by analogy to amendments changing plaintiffs." Courts in the Fifth Circuit have generally allowed amendments changing or adding plaintiffs to relate back "if no disadvantage would accrue to the opposing party." *Newell v. Harrison*, 779 F.Supp. 388, 391 (E.D. La. 1991). Notice is therefore the "critical element" and amendments seeking to add a new plaintiff with a different kind of claim generally will not relate back. *Asset Funding Grp., LLC v. Adams & Reese, LLP*, 2008 WL 11353766, at *5 (E.D. La. 2008) (citing *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)).

The emphasis on notice is underscored by the criteria set out in *Giroir v. South Louisiana Medical Center*, 475 So.2d 1040, 1044 (La. 1985), which are routinely applied by Louisiana federal courts to determine relation back. *See Herrin v. E. Baton Rouge Sheriff's Office*, 2015 WL 4898489, at *6 (M.D. La. Aug. 17, 2015) (collecting cases). Under this test, an amended pleading adding or substituting a plaintiff will relate back to the date of the original if: (1) the amended claim arises out of the same conduct, transaction, or occurrence; (2) the defendant knew or should have known of the new plaintiff's existence and involvement; (3) the new and old plaintiffs are sufficiently related; **and** (4) the defendant will not be prejudiced in preparing and conducting his defense. *Giroir*, 475 So.2d at 1044. In this matter there is no dispute that the first and third factors are satisfied. Accordingly, the court's analysis will turn on the second and fourth.

Several Louisiana courts have denied relation back of a spouse's loss of consortium claim based on failure to satisfy the second *Giroir* factor when the original petition neither names the spouse nor alleges that he or she has sustained such damages. *Musgrove v.*

*Glenwood Reg. Med. Ctr.*, 855 So.2d 984, 987 (La. Ct. App. 2d Cir. 2003) (collecting cases); *Mason v. Luther*, 903 So.2d 1145 (La. Ct. App. 3d Cir. 2005); *but see Raziano v. Lincoln Prop. Co.*, 520 So.2d 1213, 1217 (La. Ct. App. 5th Cir. 1988) (defendants should have known of potential loss of consortium claim due to original petition's reference to "family life"). Some courts have also considered the record as a whole and found the second factor unmet where there is no indication that defendants had reason to be aware of the documents showing the existence of a loss of consortium claimant. *See Poirier v. Browning Ferris Indus.*, 517 So.2d 998, 999 (La. Ct. App. 3d Cir. 1987).

*Giroir*, however, arose from an amendment adding additional wrongful death claims. In that context the Louisiana Supreme Court and state circuit courts have focused more leniently on whether the existence of the new plaintiff and her cause of action were "known or knowable by the defendants before the prescriptive period had run." *Warren v. La. Medical Mut. Ins. Co.*, 21 So.3d 186, 192 (La. 2008). Louisiana federal district courts addressing amendments to add loss of consortium claims have also found the second factor satisfied without direct notice, so long as it is not a case "wherein new plaintiffs suddenly appear after the injured party has participated in months or years of discovery." *Herrin*, 2015 WL 4898489 at *6; *accord Queens Mach. Co., Ltd.*, 2005 WL 6074914 at *3.

Defendants assert that they had no knowledge of Mrs. Efthemes's existence until the amended petition was filed in January 2020. Doc. 13, att. 1, p. 8. There is no reference to Mr. Efthemes's marital status or family life in the original petition. Instead, plaintiffs allege that defendants "were made aware of the existence of Monika Efthemes through Plaintiff Anthony Efthemes's discovery responses submitted on June 2, 2020," several

6

months after the amended petition was filed. Doc. 15, p. 5. If this is not a typographical error, then defendants had no notice whatsoever of the claim until after the limitations period had run and plaintiffs failed to mention Monika Efthemes in discovery until after the amended complaint was filed. And in the event that plaintiffs meant June 2019, there is no indication of the nature of the response or whether it was sufficient to put defendants on notice of any potential loss of consortium claim – especially in light of the dominant approach of Louisiana courts to prohibit it where the petition itself fails to provide the notice. The second factor thus prohibits relation back.

Even if the defendants had sufficient notice of a potential claimant, the delay before plaintiff sought leave to amend is relevant under *Giroir*'s fourth factor. Louisiana courts have emphasized that a defendant is not required to "remain alert indefinitely to the possibility that a plaintiff *might* have a spouse or children, or both, who *might* at some future date bring a claim." *Phillips v. Palumbo*, 648 So.2d 40, 42 (La. Ct. App. 4th Cir. 1994) (quoting *Poirier*, 517 So.2d at 999) (emphasis in original). Plaintiffs argue that removal of this suit five months after it was filed extended the normal course of litigation, and that defendants are not prejudiced by the addition of Monika Efthemes's related claim. However, plaintiff's counsel provide no justification for their own delay in discovering the existence of this claim. Additionally, as Louisiana courts have noted, "the filing of a new cause of action by a new plaintiff long after prescription has run are all factors which weigh in favor of a conclusion that defendants will be prejudiced by allowing the amendment to relate back." *Musgrove*, 855 So.2d at 988 (quoting *Phillips*, 648 So.2d at 42). To allow the claim now would in effect reward plaintiffs for failing to do the slightest investigation of

7

their claims for as long as possible and ignoring the prescriptive period for a party whose claim should have been obvious from the beginning of this action. The amended complaint does not relate back under the factors set out under *Giroir* and Monika Efthemes's claims must be dismissed as time-barred.

### III.
#### CONCLUSION

For the reasons provided above, the Motion to Dismiss [doc. 13] will be granted and the claims brought by plaintiff Monika Efthemes will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 17th day of July, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**